```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
────────────────────────────────────

D.A.B. AND M.B., INDIVIDUALLY AND ON
BEHALF OF D.B.,                              12 Cv. 4325 (JGK)

                Plaintiffs,           MEMORANDUM OPINION AND
                                      ORDER
    - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                Defendant.
────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The plaintiffs in this case, D.A.B. and M.B., originally brought three separate claims based on the alleged failure of the defendant New York City Department of Education to offer their child, D.B., a sufficient educational opportunity for the 2010-2011 school year, including claims pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794 *et seq.*, and New York Education Law § 4401 *et seq.*  On September 14, 2013, this Court granted the defendant's motion for summary judgment dismissing the plaintiffs' IDEA claim.  The parties subsequently submitted cross-motions specifically addressing the Section 504 claim.  On September 22, 2014, this Court granted the defendant's motion dismissing the plaintiffs' Section 504 claim.  The only

remaining claim in this case is the claim based on New York Education Law § 4401 *et seq*.

In a September 30 letter submitted to the Court, the defendant argues that the plaintiffs' state law claim should be dismissed in the interest of judicial economy due to the potential preclusionary effect of this Court's finding that the plaintiffs were offered a free appropriate education ("FAPE") for the 2010-2011 school year, and that the plaintiffs waived the state law claim by failing to address it in their briefs. However, the previous rounds of motions were limited to consideration of the IDEA claim and the Section 504 claim and the parties did not move for summary judgment on the Education Law claim, which remains pending.

Because both federal claims have been dismissed and the state Education Law claim is the only clam remaining, this Court declines to exercise supplemental jurisdiction over that claim. See Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008) (stating that it would be "clearly inappropriate for the district court to retain jurisdiction over the state law claims" after dismissal of IDEA claims).

The plaintiffs' claim under New York Education Law is therefore **dismissed without prejudice.**  Because each of the plaintiffs' claims have now been dismissed, the Clerk is

directed to **enter judgment dismissing the complaint and closing this case.**

SO ORDERED.

Dated: New York, New York
       October 2, 2014

_____/s/_____

John G. Koeltl
United States District Judge